**MINUTE ENTRY**
**LEMELLE, J.**
**22 OCTOBER 2007**

**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLENN R. HUGHES, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9133** |
| **LABORDE MARINE LIFTS, INC.** | **SECTION B(1)** |

A telephone conference was held between the Court and counsel for the parties to consider Plaintiff's Motion to Remand (Rec. Doc. No. 13), Plaintiff's Motion in Limine to Exclude the GIS Accident Reporting Form (Rec. Doc. No. 37), Defendant's Motion in Limine to Exclude the Testimony of Edward B. Robert, Jr. (Rec. Doc. No. 39), and Defendant's Motion in Limine to Exclude the Testimony of Donald Leday and Julian Parfait (Rec. Doc. No. 41).  For oral reasons given,

**IT IS ORDERED** that the related motions for expedited hearing on the above motions are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude the GIS Accident Reporting Form (Rec. Doc. No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Request for Oral Argument on Defendant's Motion in Limine to Exclude the Testimony of Edward B. Robert, Jr. (Rec. Doc. No. 40) is **MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to

JS10(00:20)

Exclude the Testimony of Edward B. Robert, Jr. (Rec. Doc. No. 39) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Request for Oral Argument on Defendant's Motion in Limine to Exclude Testimony of Donald Leday and Julian Parfait (Rec. Doc. No. 42) is **MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Testimony of Donald Leday and Julian Parfait (Rec. Doc. No. 41) is **DENIED.**

For the reasons that follow, **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 13) is **DENIED.**

### *BACKGROUND*

Plaintiff Glenn Hughes, a Louisiana domiciliary, was an employee of Grand Isle Shipyard, Inc. who was employed to perform repair work on fixed platforms on the outer Continental Shelf. Plaintiff was assigned to work with the crew of the jack-up vessel LAB LIFT 1, which was owned and operated by Defendant Laborde Marine Lifts, Inc., a Louisiana corporation. Plaintiff alleges that while he was working from a personnel basket suspended from a crane attached to the LAB LIFT 1, the crane operator, without warning, dropped and jerked the personnel basket. As a result, Plaintiff alleges that he sustained injury to his cervical spine, injury of the lumbar spine, and carpal tunnel injuries.

2

On September 28, 2006, Plaintiff filed suit against Defendant in the Civil District Court for the Parish of Orleans based on general maritime law and, specifically, the Saving to Suitors clause, 28 U.S.C. § 1333.  On October 27, 2006, Defendant filed a Notice of Removal asserting Federal Question Jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333, *et seq*.  (Rec. Doc. No. 1).  On September 18, 2007, Plaintiff filed this Motion to Remand.

Plaintiff contends that removal in this case was not proper pursuant to 28 U.S.C. § 1441(b).  Specifically, Plaintiff argues that when there is concurrent jurisdiction under OCSLA and general maritime law and at least one Defendant is a citizen of the state where the suit is originally filed, removal is not proper.

Defendant contends that Federal jurisdiction is proper pursuant to OCSLA.  Additionally, the Savings to Suitors clause does not guarantee Plaintiff a non federal forum or limit the right of Defendant to remove an action to federal court where there exists some basis for federal jurisdiction other than admiralty.  Finally, Defendant claims that Plaintiff's Motion to Remand was not timely filed.

### *DISCUSSION*

**A.   Grounds for Removal**

The issue before the Court is whether Plaintiff's claims

3

against Defendant are removable under 28 U.S.C. § 1441.  Any civil action brought in a State court of which federal courts have original jurisdiction may be removed by the defendant to federal court.  28 U.S.C. § 1441(a).  A civil action of which federal courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United states is removable without regard to the citizenship of the parties.  28 U.S.C. § 1441(b).  All other claims are removable only if none of the parties is a citizen of the State in which such action is brought.  *Id*.

**B.   Law Governing Plaintiff's Claims**

In order to determine whether Plaintiff's claims are removable, it is necessary to determine first what law governs these claims.  OCSLA is the federal body of law that governs cases and controversies "arising out of, or in connection with...any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals..."  43 U.S.C. § 1349(b)(1).  Thus, for OCSLA to apply, the activity in question must occur on the outer Continental Shelf and must arise out of or relate to mineral production.  To determine whether an action arises out of or relates to mineral production, the Fifth Circuit applies a broad

4

"but for" test.  *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 350 (5th Cir. 1999).  The proper inquiry in such cases is whether the worker's employment furthered mineral development and whether "but for" that employment, the worker would not have been injured.  *Id*.

In the present case, the Plaintiff and Defendant do not dispute that OCSLA applies to the Plaintiff's claims.  Plaintiff alleges in his Complaint as well as his Motion to Remand that the injury occurred on the outer Continental Shelf.  *See Rivas v. Energy Partners of Delaware*, 2000 WL 127290, *4 (E.D. La. 2000) (finding that OCSLA applied when the plaintiff alleged in his complaint that the defendant's negligence occurred on the outer Continental Shelf).  Additionally, the platform repair work Plaintiff performed on the vessel furthered mineral development. *See Hufnagel*, 182 F.3d at 350 (finding that OCSLA applied when the plaintiff was performing work on a fixed drilling platform). Finally, but for the repair work Plaintiff was performing, he would not have been injured.  Thus, the Court finds that OCSLA applies to Plaintiff's claims.

In the present case, however, Plaintiff alleges that general maritime law also governs his claims.  For general maritime law to govern, the plaintiff must allege (1) a maritime location and (2) a connection to a traditional maritime activity.  *Hufnagel*, 182

5

F.3d at 351.

To determine maritime location, the Court must determine whether the injury occurred on navigable water or, if the plaintiff sustained injury on land, that the vessel on navigable water caused the injury. *Id*. In the present case, the injury occurred while Plaintiff was repairing a fixed platform while situated on a jack-up vessel on navigable waters. The Fifth Circuit has held that injuries which occurred while the plaintiff was situated on a fixed drilling platform do not have a maritime location. *See id*. Courts, however, have held that injuries which occurred while the plaintiff was actually situated on a jack-up vessel do have a maritime location. *See Nase v. Teco Energy, Inc.*, 347 F. Supp. 2d 313, 320 (E.D. la. 2004) (citing *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113 (5th Cir. 1995). Thus, in the present case, although Plaintiff was repairing a fixed platform, because he was situated in the jack-up vessel at the time of injury, the Court concludes that there is a maritime location.

With regard to the second prong, connection to a general maritime activity, the Court must make two determinations. First, the Court must decide whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Coats*, 61 F.3d at 1118-19. Next, the Court must ask whether the tortfeasor's activity on navigable

6

waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the case at hand.  *Id*.

Regarding the first inquiry, substantial relationship to maritime activity, the Fifth Circuit has held that a vessel worker's injuries can have a disruptive impact on maritime commerce by stalling or delaying the primary activity of the vessel, and, therefore, have a substantial relationship to maritime activity.  *See Coats, 61 F.3d at 1118-19*.  Unlike the injury in the present case which occurred when the Plaintiff was repairing a fixed platform, the injury in *Coats* was sustained by a worker who was actually repairing the jack-up vessel itself.  *Id*.  The Court finds, however, that, as in Coats, the injury here could likely delay the primary activity of the vessel, the repair of the platforms.  Thus, the incident has a substantial relationship to traditional maritime activity.

Regarding the second inquiry, an activity traditionally subject to admiralty law, the Fifth Circuit has held that providing compensation for shipboard injuries is a traditional function of admiralty law.  *Id*.  Thus, the Court finds that the activity in this case, an injury to a vessel crew member, is also closely related to activity traditionally subject to admiralty law.

In sum, the Court finds that general maritime law also applies

to Plaintiff's claims.

**C.   Removal in cases involving concurrent jurisdiction between OCSLA and general maritime law**

In the present case, OCSLA as well as general maritime law apply to the Plaintiff's claims.   Additionally, Plaintiff and Defendant are both citizens of Louisiana, the state where the suit was originally brought.   Under Fifth Circuit law, it is uncertain in cases such as the present whether the defendant may remove the plaintiff's claims from state court.   In *Hufnagel*, the Fifth Circuit suggested but did not necessarily hold that OCSLA may not provide jurisdiction for purposes of removal in general maritime cases if one of the defendants is a citizen of the state where the suit is originally brought.   *Hufnagel*, 182 F.3d at 350-51.   The Court in *Hufnagel* relied on the fact that general maritime claims do not "arise under" the laws of the United States for purposes of federal question jurisdiction.   *Id*.   Furthermore, under Fifth Circuit law, OCSLA does not displace general maritime law if general maritime law is also applicable to Plaintiff's claims.   *Id*. Thus, the Court concluded that when a claim within OCSLA jurisdiction is also governed by maritime law, it "arguably does not provide removal jurisdiction unless no defendant is a citizen of the state of suit, notwithstanding that it would fall within the federal district court's original jurisdiction."   *Id*. at 350.

Relying on the reasoning of the Fifth Circuit in *Hufnagel*, Courts have held that removal under OCSLA is not proper when maritime law also governs the plaintiff's claim and one of the defendants is a citizen of the state where the suit is brought.  In *Nase v. Teco Energy, Inc.*, the Court stated the following: "Based on the Language in...*Hufnagel*, and in the absence of a clear statement of law by the Fifth Circuit, the Court finds that removal under OCSLA is not proper when maritime law governs the plaintiff's claim and one of the defendants is from the state of suit..." *Nase,* 347 F. Supp. 2d at 319.   Similarly in *Rivas v. Energy Partners of Delaware*, the Court held that removal was improper based on the reasoning in *Hufnagel*.  *Rivas*, 2000 WL at *5.  In the present case, there is no dispute that Defendant is a citizen of Louisiana, the state where the suit was originally filed.  Thus, based on *Hufnagel* and the cases that have followed its reasoning, this Court finds that removal was improper.

**D.   Timeliness of Plaintiff's Motion to Remand**

28 U.S.C. § 1447(C) provides that a motion to remand a case on the basis of any defect other than a lack of subject matter jurisdiction must be made within thirty days after the filing of the Notice of Removal under 28 U.S.C. § 1446(a). In the present case, Plaintiff has filed his motion to remand 11 months after the Notice of Removal.  Thus, although the Court finds that Plaintiff's

Motion has merit, the Court must determine whether it was filed timely under 28 U.S.C. § 1447.

Plaintiff argues that his Motion to Remand, premised on the lack of removal power in cases involving concurrent OCSLA and maritime law, is based on subject matter jurisdiction. Thus, the motion need not have been filed within 30 days of the Notice of Removal. Defendant argues, however, that Plaintiff's remand motion is based not on subject matter jurisdiction, but on the Court's lack of removal power. Further, motions based on removal jurisdiction are subject to the 30-day time limit.

Fifth Circuit law supports Defendant's contentions. In *In re Digicon Marine, Inc.* the Fifth Circuit held that a remand motion based on lack of removal jurisdiction is not premised on a lack of subject matter jurisdiction but instead a defect in removal procedure under 1441(b). 966 F.2d 158, 160 (5th Cir. 1992). Thus, a motion to remand based on a lack of removal jurisdiction is subject to the 30-day time limit. *Id*. This Court subsequently followed the *Digicon* reasoning in *Vicknair v. All Services Machine Shop, Inc*. 1998 WL 290207 (E.D. La. 1998) In *Vicknair*, the plaintiff brought suit based on general maritime law, and the defendant subsequently removed. *Id*. at *2. Plaintiff then moved to remand the case based on a lack of removal jurisdiction, but did so more than thirty days after the notice of removal. *Id*. The

10

Court found that the motion was untimely. *Id*. The Court reasoned that the Plaintiff was not arguing a lack of subject matter jurisdiction on the part of the Court but rather that the removal was improper. *Id*. Such a claim constituted a removal defect which must be brought within 30 days of the notice of removal. *Id*.

The Court in the present case follows the reasoning of *Digicon* and *Vicknair*. Because Plaintiff is attempting to remand the case 11 months after the Defendant's Notice of Removal, the Court finds the motion to be untimely.

Accordingly, Plaintiff's Motion to Remand is **DENIED.**

New Orleans, Louisiana, this 22nd day of October, 2007.

UNITED STATES DISTRICT JUDGE